**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**GARY GERRITS,**

**Plaintiff,** **CIVIL ACTION NO. 05-CV-74894-DT**

**VS.** **DISTRICT JUDGE BERNARD A. FRIEDMAN**

**O.B. CONSTRUCTION CO., et al.,** **MAGISTRATE JUDGE MONA K. MAJZOUB**

**Defendants.**
______________________________/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO COMPLY WITH DISCOVERY REQUESTS AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ORDER TO ENFORCE ORDER, FOR SANCTIONS AND TO COMPEL DEFENDANT O'BRIEN'S DEPOSITION**

## I. Facts and Procedural History

This matter comes before the Court on a discovery motion from Plaintiff and a discovery motion from Defendants. Defendants' motion was filed on January 12, 2007. (Docket no. 23). Plaintiff's motion was filed on January 25, 2007. (Docket no. 27). Each party has responded to the other party's motion. (Docket nos. 26, 30). Following this briefing, the Court heard oral argument on March 19, 2007. Plaintiff was represented by Counsel Tatone. Defendants were represented by Counsel Leib. These matters have been referred to the undersigned for decision. (Docket no. 25). The motions are now ready for ruling.

## II. Governing Law

Pursuant to Fed. R. Civ. P. 37, the Court has broad discretion to make such orders as are just to redress discovery abuse. *Concrete Materials Corp. v. C.J. Mahan Constr. Co.*, 110 F.3d 63 (6th Cir. Mar. 28, 1997) (unpublished).

## III. Plaintiff's Motion

The Court will first address Plaintiff's motion. (Docket no. 27). Plaintiff wishes to depose Defendant O'Brien. However, Defendants' counsel has not responded to Plaintiff's requests for available dates for the deposition. The parties agreed during oral argument that the deposition would take place in Florida where Defendant O'Brien resides. Also, Defendants' counsel gave four possible dates for the deposition. Accordingly, Defendant O'Brien will be ordered to advise Plaintiff's counsel by noon on March 26, 2007 of his choice of one of these days (April 4, 5, 10, or 11) for his deposition in Florida. The deposition will be completed within seven hours on one day, unless counsel agree otherwise. Plaintiff's counsel will be responsible for giving proper notice of the deposition.

Plaintiff also moves to enforce the order for Defendants to produce documents pursuant to the November 2, 2006 Court Order. That Order required Defendants to produce the listed documents on or before November 1, 2006. Four categories of documents are listed. (Docket no. 27, ex. A). During oral argument, Plaintiff's counsel identified the sections of the Order to which he alleges he has not received a proper response. These sections are section 2(a thru x), section 3 in its entirety with the exception of Simply Self Storage Utica and Simply Self Storage Wayne, and section 4 in its entirety. Defendants' counsel argued that all responsive documents have been produced, although he could not show the Court any response which clearly so stated. Defendants will submit supplemental responses to each section of the Order identified above and clearly state whether they have documents that are responsive to each request and whether any documents already produced are responsive to each request.

Defendants will serve these supplemental responses by Wednesday March 28. All other relief requested by Plaintiff will be denied.

**IV. Defendants' Motion**

Defendants contend in their motion that Plaintiff failed to comply with the Court Order of October 30, 2006. (Docket no. 23). That Order required Plaintiff to provide full and complete answers to interrogatories and provide the documents requested in Defendants' First Request for Production of Documents dated August 4, 2006, Defendants' Interrogatories and Request for Production of Documents Regarding Damages dated August 4, 2006, and Defendants' Interrogatories and Request for Production of Documents Regarding Witnesses dated August 4, 2006, on or before October 25, 2006. (Docket no. 23, ex. A).

The Court has reviewed Plaintiff's answers to these three sets of discovery requests identified in this Order. Defendants claim that they have not received proper responses to any of these three requests. Plaintiff's argument is that he has produced all of the responsive documents within his control or custody which are responsive to these requests. Defendants contend, and Plaintiff has not shown otherwise, that although some documents have been submitted Plaintiff failed to index the documents so that Defendants can link up documents with the discovery request. Therefore, Plaintiff will file supplemental answers to these requests for production of documents by Wednesday, March 28 clearly stating which documents already submitted are responsive to each request. If Plaintiff has no responsive documents, he will so state. The Court finds that Plaintiff's responses to the Interrogatories regarding damages and witnesses are sufficient.

Defendants next contend that Plaintiff failed to properly respond to their Interrogatories and Requests for Production of Documents of October 5, 2006. Specifically, Defendants argue that Plaintiff failed to answer Interrogatory 3. After reviewing the response, the Court agrees. Plaintiff's answer –

that Defendants have the information – is not sufficient. Plaintiff will provide a full and complete answer to Interrogatory 3 by March 28. Defendants also contend that Plaintiff has failed to produce documents responsive to requests 1-5. Plaintiff stated in his response that he would produce these documents. Plaintiff will supplement his answers to these document requests by March 28 with an answer as outlined above, clearly linking up any documents already produced with the request, or stating that he has no responsive documents within his custody and/or control.

The final request for which Defendants claim they have not received a proper answer is their Request for Admissions and Follow-up Interrogatories and Request for Production of Documents of October 25, 2006. Defendants argue that they have not received a proper response to their request for documents numbers 1-6. Plaintiff stated that he would produce these documents in his response. However, he has not shown that he has done so in a manner that allows Defendants to link up the documents to a specific request. Plaintiff will therefore submit a supplemental response to Defendants' requests for documents 1-6 linking up the documents already produced to each request or stating that there are no such documents. This will be done by March 28. The Court finds Plaintiff's answers to Defendants' Requests for Admission 1 and 2 to be insufficient. Pursuant to Fed. R. Civ. P. 36, the Court orders Plaintiff to serve an amended answer for both of these requests for admission. Plaintiff's amended answer must clearly state whether he is objecting to the request or admitting or denying the matter, and otherwise comply with the requirements of Rule 36. Any other relief requested by Defendants will be denied.

The Court has seriously considered the parties' requests for sanctions in this case. Both parties have conducted themselves with an equal lack of propriety during the discovery process as this Order demonstrates. The discovery period ended in December 2006. More time has been spent obfuscating the discovery rules than following them. If the Court were to award sanctions, it would be compelled

to award them equally to each side. Under such circumstances, the Court declines to award sanctions to either party. However, the parties are warned that their mutual discovery obligations must be taken seriously and that if further court intervention is required, sanctions may be imposed.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Sanctions for Failure to Comply with Court Order and Failure to Comply with Discovery Requests (docket no. 23) is **GRANTED IN PART AND DENIED IN PART,** and that Plaintiff's Motion for Order to Enforce Order, For Sanctions and to Compel Defendant O'Brien's Deposition (docket no. 27) is **GRANTED IN PART AND DENIED IN PART**, as set out below.

**IT IS FURTHER ORDERED** that Plaintiff submit supplemental responses to Defendants' First Request for Production of Documents dated August 4, 2006, Defendants' Interrogatories and Request for Production of Documents Regarding Damages dated August 4, 2006, and Defendants' Interrogatories and Request for Production of Documents Regarding Witnesses dated August 4, 2006, clearly stating for each document request the documents previously produced which are responsive to that request, or that Plaintiff has no documents responsive to that request, on or before March 28, 2007.

**IT IS FURTHER ORDERED** that Plaintiff submit supplemental responses to Interrogatory 3 and Document Requests 1-5 of Defendants' Interrogatories and Requests for Production of Documents of October 5, 2006, in the manner specified above (for the document requests) on or before March 28, 2007.

**IT IS FURTHER ORDERED** that Plaintiff submit supplemental responses for Document Requests 1-6 of Defendants' Requests for Admission and Follow up Interrogatories and Requests for Production of October 25, 2006, in the manner specified above on or before March 28, 2007.

**IT IS FURTHER ORDERED** that Plaintiff serve an amended answer to Defendants' Requests for Admission 1 and 2 (of the October 25, 2006 Request), in the manner described above on or before March 28, 2007.

**IT IS FURTHER ORDERED** that Defendant O'Brien advise Plaintiff's counsel by noon on March 26, 2007 his choice of either April 4, 5, 10, or 11, 2007, for his deposition to be held in Florida at a mutually convenient time and location to be determined by counsel. After being advised of the date, Plaintiff's counsel will properly notice the deposition.

**IT IS FURTHER ORDERED** that Defendants jointly provide to Plaintiff's counsel a supplemental response to sections 2(a-x), section 3 (with the exception of Simply Self Storage Utica and Simply Self Storage Wayne), and section 4 (in its entirety) of the November 2, 2006 Order Granting Plaintiff's Motion to Compel Discovery, on or before March 28, 2007. Defendants will clearly identify any previously submitted document that is responsive to each request, or state that they have no responsive documents for the request.

**NOTICE TO PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: March 21, 2007

s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was serve upon Counsel of Record on this date.

Dated: March 21, 2007

s/ Lisa C. Bartlett
Courtroom Deputy